FILED
October 05, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003815946

Christie S. Lee (224944)
Law Office of Christie S. Lee
1207 13th St., Ste. 1
Modesto, CA 95354
Phone: (209) 910 - 5291
Fax: (209) 492-9356

Attorney for Debtor(s)

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

In re:

TERRY NOVINGER

    Debtor(s)

| | |
|---|---|
| Case No. | 11-39247-D-7 |
| DCN | CSL-001 |
| Date: | 11/09/11 |
| Time: | 10:00 AM |
| Place: | 501 I Street, 6th Fl Sacramento, CA |
| Dept: | 34 |

## DEBTOR'S MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY OF ESTATE [11 U.S.C. §554(B)]; MEMORANDUM OF POINTS AND AUTHORITIES

Debtor Terry Novinger, by and through his attorney of record, respectfully asks the Court to make and enter an Order allowing and compelling Irma C. Edmonds, the duly-appointed and acting Trustee in the above-captioned case, (hereinafter, "the Trustee") to abandon property of the estate (specifically proceeds from the trade-in of Debtor's motor vehicle), pursuant to 11 U.S.C. Section 554(b), on the ground that the subject property of the estate is burdensome and/or of inconsequential value and benefit to the Estate. In support of this Motion, Mr. Novinger respectfully alleges as follows:

    1.    Mr. Novinger commenced this case on August 5, 2011, by filing a voluntary Chapter 7 Petition.

    2.    Irma C. Edmonds is the duly appointed and acting Trustee in this case. The Debtor believes that Ms. Edmonds supports this motion.

    3.    At the time they commenced this case, the debtor owned, among other things, a

2005 Toyota Tacoma pickup truck, which he properly listed on Schedule B of his petition, with estimated values of $8,950. The full stated value of this item after deduction of loan balance of $600 was claimed as exempt under the applicable provisions of California Code of Civil Procedure Sections 703.140(b)(2) and 703.140(b)(5). No objection to these exemptions has been filed.

4. After the commencement of the case but before the thirty day period to object to the list of exempt property expired, the truck suffered severe mechanical malfunctions that rendered it completely inoperable without significant repairs. (Declaration of Terry Novinger, filed herewith, at paragraph 4). He had no other vehicle for transportation and without a vehicle, he was unable to go to work. Therefore he could not wait until the 341 Meeting of Creditors. In light of the age and high mileage of the truck (it had been driven over 242,000 miles), and recognizing that the cost of repair was over the value of the car as well as that the need for repairs severely reduced the value of the truck, Mr. Novinger decided to replace the car with the same kind of truck. (*Id.* at paragraph 5).

5. Mr. Novinger went to Toyota dealer to purchase a used car of the same model. Due to his bad credit, however, he was unable to obtain any loan. Sympathizing with his situation, his girlfriend, Joanne Garner Ford, decided to help him by signing for loan agreement. These efforts were successful and resulted in the trade in with another Toyota truck. (*Id.* at paragraph 6). The truck was traded in on September 4th, 2011 for $3,500. He made a down-payment with the trade-in money and purchased a used 2005 Toyota Tacoma from Toyota Town in Stockton, California for $27,481.40 (including taxes and other fees). (*Id.* paragraph 7). This purchase was financed entirely by funds from the trade-in of the truck, post-petition earnings, and a loan from Toyota Financing Service. (*Id.*).

6. On the same date, September 4, 2011, Mr. Novinger and Ms. Ford entered into a contract. According to the contract, Mr. Novinger has possession and use of the truck although Ms. Ford is named as a purchaser in the sale contract with Toyota Town. (*Id.* paragraph 8).

7. On September 12, the properly noticed and scheduled meeting of creditors required under 11 U.S.C. Section 341(a) was held in Modesto, California. During the course of the meeting,

Mr. Novinger disclosed the transfer to the Trustee and explained the circumstances which led to the transfer. The Trustee explained that Mr. Novinger did not have the authority to sell property of the estate and requested Mr. Novinger to provide the name and contact information of the person who transferred his truck, and continued 341 meeting to September 26, 2011.

8. Prior to the continued 341 Meeting of Creditors, Mr. Novinger, through his counsel, provided the evidence of the cost of repair, the contract entered into between Mr. Novinger and Ms. Ford, and a letter explaining in detail the circumstances which led to the transfer.

9. On September 26, 2011, at the continued 341 meeting of creditors, the Trustee demanded the amount of trade-in of the vehicle or $3,500, from either Mr. Novinger or Ms. Ford.

10. Under these circumstances, the truck, which was exempted without objection for more than its trade-in price and which suffered mechanical malfunctions that significantly reduced its value and whose cost of repair was extremely expensive, is burdensome and/or of inconsequential value and benefit to the Estate.

**SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**

11. 11. U.S.C. Section 554(b) provides that "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." See also, *In re Hyman*, 123 B.R. 342,347 (9th Cir. BAP 1991).

**ARGUMENT**

12. THE VEHICLE SHOULD BE ORDERED ABANDONED BECAUSE IT IS BURDENSOME AND/OR INCONSEQUENTIAL TO THE ESTATE. The full stated value of the vehicle after deduction of loan balance, or $8,350, was properly exempted without objection, and this value was severely reduced by the mechanical failure the vehicle suffered. The actual fair market value of the vehicle was determined by independent third party buyer who took into account the age, mileage, and condition of the vehicles, and was shown to be much lower than even the exempted value claimed in the petition. Although Mr. Novinger's decision to transfer the vehicles

while it was still asset of the Estate was injudicious, it reflected nothing more than honest need to exchange a completely non-operable vehicle for an operable form of everyday transportation for work. Because the vehicle was fully exempted, no harm was caused to the creditors or the estate. Therefore, the vehicle is burdensome and/or of inconsequential value and benefit to the estate. Accordingly, the Court should order that the vehicle be abandoned pursuant to Section 554(b).

WHEREFORE, Mr. Novinger respectfully asks the Court to make and enter an Order that the proceeds ($3,500) from the transfer of vehicle (the 2005 Toyota Tacoma) is abandoned pursuant to Section 554(b).

Dated: October 5, 2011  /s/ Christie S. Lee
Christie S. Lee, Esq.
Attorney for Debtor(s)